STATE *vs.* JONATHAN DARLING.

Penobscot.    Opinion December 24, 1896.

*Pleading.    Indictment.    Officer.    Stat. 1891, c. 75.*

Irregular and improper conduct on the part of a public officer, when made the subject of a criminal charge of violating his duty in neglecting to arrest parties for an infringement of the law, must be directly alleged and proved.

ON EXCEPTIONS BY DEFENDANT.

This was a complaint which was instituted in the Bangor Municipal Court by Benjamin Atwood of Winterport, on the 18th day of November, A. D. 1895, in which the said Atwood complains that "Jonathan Darling of Lowell, in the County of Penobscot, laborer, on the fifteenth day of January, A. D. 1894, with force and arms, at Lowell aforesaid in the county aforesaid, then and there being a fish and game warden in and for the State of Maine, and by law then and there required to enforce all laws relating to game and the fisheries, arrest all violators thereof, and prosecute

all offenses against the same, did then and there with knowledge that W. H. Lewis, Edward Jackman, James Lewis and Pearl Young were violaters of the law relating to the manner of fishing to wit, Chapter seventy-five of the Public laws of Maine, approved March 19th, A. D. 1891, corruptly and with improper motives, neglect and refuse to arrest said W. H. Lewis, Edward Jackman, James Lewis and Pearl Young, or either of them, or prosecute either of them, the said W. H. Lewis, Edward Jackman, James Lewis and Pearl Young, being then and there liable to prosecution for such violation, against the peace and dignity of said State."

Upon this complaint Darling was arraigned, pleaded not guilty, and waived an examination; whereupon, it was adjudged by the court that he was guilty in manner and form as alleged in said complaint, and it was thereupon considered and ordered by the said court that the said Jonathan Darling for the offense aforesaid be imprisoned in the county jail for the space of three months, and that he pay the costs of prosecution taxed at $13.67, and that he stand committed until said sentence be performed. From this judgment and sentence Darling appealed to this court, sitting below on the first Tuesday of February, A. D. 1896. And at said February term the respondent was before the said court upon the complaint aforesaid and filed a special demurrer by consent thereto, and the demurrer was overruled pro forma by the presiding justice. It was also stipulated that if the exceptions be overruled by the law court, the case was to come back for trial upon the merits.

(Demurrer.) "And the said Jonathan Darling in his own proper person comes into court here and having heard the complaint read, says that the said complaint and the matters therein contained in manner and form as the same are above stated and set forth are not sufficient in law, and that he the said Jonathan Darling is not bound by the law of the land to answer the same, for the following reasons:

"First—For that the said complaint does not directly aver that said W. H. Lewis, Edward Jackman, James Lewis and Pearl Young, or either of them, had been guilty of violating any law. . . .

"Third—For that said complaint does not show what particular provision or provisions of chapter seventy-five of the Public Laws of 1891, if any, have been violated by said Lewis, Jackman, Lewis and Young or either of them, or whether they had been guilty of one or many violations of said chapter.

"Fourth—For that the said complaint does not show when said supposed offense or offenses against the law as relating to fishing were committed, or in what place, or in what county even, or in what county, or counties, the alleged offenders might have been tried or prosecuted.

"Fifth—For that the complaint does not show what act, acts or things, if any, the said Lewis, Jackman, Lewis and Young, or either of them, had done in violation of the law relating to fish or fishing.

"Sixth—For that the complaint does not show where said Lewis, Jackman, Lewis and Young lived, or were, or could be found, to be arrested or prosecuted.

"Seventh—For that the complaint does not show by any proper averments that the said Lewis, Jackman, Lewis and Young, or either of them, have at any time been where the respondent could have arrested them, or caused their arrest, since he is alleged to have had knowledge of their said supposed offense; nor does the complaint show that they, or either of them, have at any time since then been within reach of process from any court in this state, nor does it show that they, or either of them, have since then been within the limits of the state. . . .

"Ninth—For that said complaint does not give the respondent any sufficient information so that he can intelligently prepare to defend himself against it. . . .

*C. A. Bailey*, County Attorney, for State.

*C. J. Hutchings and M. S. Clifford*, for defendant.

Counsel cited: 19 Am. and Eng. Enc. Law, p. 562; *Com.* v. *Dean*, 109 Mass. p. 352; 10 Am. and Eng. Enc. Law, p. 566; *Phipps* v. *State*, 22 Md. 380; *State* v. *Seay*, 3 Stewart, p. 71,

S. C. 20 Am. Dec. p. 123; *State* v. *Learned*, 47 Maine, pp. 433-4; *State* v. *Thurstin*, 35 Maine, 206.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WIS-
WELL, STROUT, JJ.

FOSTER, J.   The only question presented is in relation to the validity of the complaint upon which the respondent, as a fish and game warden, is charged with neglect in the performance of his official duty.

In the appellate court a special demurrer, by consent of counsel, was duly filed, and overruled, and the question is presented on exceptions.

The complaint cannot be sustained.   While it alleges a violation of official duty in neglecting to arrest certain parties as violators of the law in relation to fishing, there is no specific averment in the complaint that these parties were violators of any law of this state, nor are any facts set forth showing that they had, by such acts, violated any law.

While it may not be necessary to set out specifically all the allegations necessary to constitute the offense, as in case the parties themselves were being prosecuted for the alleged offense (*State* v. *Miles*, ante, p. 142), yet in this case, where the officer is charged with violating his duty in neglecting to arrest parties for violating the law, there should be a specific averment that the parties, or some one of them, were guilty of a violation of the law.

Irregular or improper conduct on the part of a public officer, when made the subject of a criminal charge, must be directly alleged and proved.   It should not be left to inference.   The charge must be laid positively and not inferentially.   This is the well-settled doctrine of criminal pleading as laid down in many decided cases.   "In all matters of criminal pleading, the want of a direct and positive allegation in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication whatever."   *State v. Bushey*, 84 Maine, 459, 461; *State* v. *Paul*, 69 Maine, 215.

The allegation of knowledge on the part of the officer that the parties were violators of the law is not distinctly or affirmatively alleged. Nor is the allegation in the complaint—"with knowledge that" they "were violators of the law,"—sufficient to meet the requirement of direct and positive averment necessary in criminal pleading.

There are several other objections urged against the validity of the complaint, but it becomes unnecessary to consider them.

*Exceptions sustained.*
*Complaint adjudged bad.*